CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 21 2013

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RALPH DORELL BARR, | ) | CASE NO. 7:13CV00279 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| OFFICER NASH, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Ralph Dorell Barr, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail official has verbally abused and harassed him because of his race. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Barr is incarcerated at the Southwest Virginia Regional Jail Authority ("SVRJA") facility in Abingdon, Virginia. In support of his § 1983 claims, Barr alleges the following events:

> This all started over a tattoo on my [left] forearm of a "Confederate Flag" with "Redneck" wr[itten] above it. I am a white man and Officer Nash is a black man [with "Thug life" tattooed on his left forearm]. He has wr[itten] me up and haras[s]ed me numerous times for frivolous stuff. Officer Nash has made [g]estures and comments, in front of other inmates. It [has] gotten to the point I weary [sic] to go to sleep when Officer Nash is on duty. Due to Officer Nash's actions, I'm scared around black people. I fear what he is able to do to me, [be]cause like Officer Nash stated, "I can do whatever I want and the jail will back me up."

Compl. 3-4. Barr says that he has brought the problem of Nash's verbal abuse and harassment to the attention of SVRJA officials, but no action has been taken to prevent the problem from continuing. As relief in this action, Barr seeks monetary damages and injunctive relief to protect his safety at the jail.

# II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Section 1983 "is designed to provide a comprehensive remedy for the deprivation of constitutional rights." Smith v. Hampton Training Sch. for Nurses, 360 F.2d 577, 581 (4th Cir. 1966). To state a claim under § 1983, "a plaintiff must establish three elements . . . : (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. An inmate claiming race discrimination in violation of equal protection "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (omitting internal quotations). "[A]bsent some factual evidence [of discrimination], the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974). Plaintiff "must plead sufficient facts to satisfy each requirement" in order to state a claim. Veney, 293 F.3d at 731. Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 179, 179

(4th Cir. 2005); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim.").

Barr has no actionable claim under § 1983 based merely on Nash's derogatory comments about his race or ethnic heritage. While officials' comments on such matters may be unprofessional, offensive, and even disturbing, verbal abuse simply does not rise to the level of a constitutional deprivation. Therefore, to the extent Barr sues Nash for verbal harassment, the court dismisses his claims under § 1915A(b) as legally frivolous.

Barr's allegations are also insufficient to state any claim that Nash discriminated against Barr because of his race. Barr's conclusory references to Nash's comments and "write ups" are not sufficient to state a plausible § 1983 claim that Nash treated Barr differently than other inmates, or that the disciplinary charges Nash wrote against Barr were motivated by Barr's race. Accordingly, Barr fails to state facts supporting a § 1983 claim of race discrimination or harassment, and the court dismisses this claim without prejudice under § 1915A(b)(1).

For the reasons stated, the court dismisses Barr's complaint without prejudice, pursuant to § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of June, 2013.

*/s/ James C. Turk*
Senior United States District Judge